UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| CLAYTON WALKER,<br><br>        Plaintiff,<br><br>  vs.<br><br>CPT. YANTS, PENNINGTON CO. JAIL, HUGHES CO. JAIL, SHERIFF DEPT., STATE OF SOUTH DAKOTA, PUBLIC DEFENDERS OFFICE and UNKNOWN NAMED AGENTS,<br><br>        Defendants. | CIV. 17-5007-JLV<br><br><br>ORDER |

      On January 24, 2017, plaintiff Clayton Walker, *pro se*, filed a motion for injunctive relief against defendants. (Docket 1). Mr. Walker moves for leave to proceed *in forma pauperis* and provided the court his financial information. (Docket 3).

      Mr. Walker bases his request for relief on civil rights statutes, but he does not explain how his civil rights have been violated. Construing his complaint liberally, Mr. Walker alleges that his right to a speedy trial was violated. "[A] speedy trial is guaranteed [to] the accused by the Sixth Amendment to the Constitution . . . ." Barker v. Wingo, 407 U.S. 514, 515 (1972). Mr. Walker alleges he signed a waiver of his rights and when he refused to sign another the court went ahead with the trial. (Docket 1 at p. 2). This does not constitute a violation of Mr. Walker's constitutional rights. Mr. Walker alleges his rights were violated because the state violated the state law concerning time allowed for disposition of criminal cases. Id. (citing SDCL 23A-44-5.1). " '[A] violation of state law, without more, does not state a claim under the federal Constitution or

42 U.S.C. § 1983.'" Colbert v. Roling, 233 F. App'x 587, 589-90 (8th Cir. 2007) (per curium) (quoting Collins v. Bellinghausen, 153 F.3d 591, 596 (8th Cir. 1998)).

Mr. Walker does not have standing to bring this case in federal court. One essential aspect of the "Cases" or "Controversies" requirement of Article III of the Constitution "is that any person invoking the power of a federal court must demonstrate standing to do so." Hollingsworth v. Perry, 133 S. Ct. 2652, 2661 (2013). "This requires the litigant to prove that he has suffered a concrete and particularized injury . . . ." Id. (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992)). "In other words, for a federal court to have authority under the Constitution to settle a dispute, the party before it must seek a remedy for a personal and tangible harm." Id. Mr. Walker cannot prove he suffered "personal" harm because, as he admits in his filings, he did not bring the complaint on his own behalf. To the extent Mr. Walker alleges the practices set out in his motion violated the rights of others, he lacks standing to bring such a claim. See Hodak v. City of St. Peters, 535 F.3d 899, 904 (8th Cir. 2008) ("As a general rule, a plaintiff may only assert his own injury in fact and cannot rest his claim to relief on the legal rights or interests of third parties.") (internal quotation marks omitted).

The court noted the many cases Mr. Walker has filed in Walker v. Jackley, et al., CIV. 16-5015 (Docket 12 at p. 4) (D.S.D. July 28, 2016) ("Mr. Walker's filing history in the Western Division demonstrates his sustained proclivity to file suits without legal merit."). The court finds the time has come where it must limit Mr. Walker's ability to file additional cases.

Accordingly, it is

ORDERED that Mr. Walker's motion (Docket 1) is denied and the case is dismissed without prejudice.

IT IS FURTHER ORDERED that the clerk of the court is instructed that any future filings by Clayton Walker must first be approved by a district judge. The district judge will review the pleading and determine whether the pleading will be allowed.

IT IS FURTHER ORDERED that Mr. Walker's motion for leave to proceed *in forma pauperis* (Docket 3) is denied at moot.

IT IS FURTHER ORDERED that Mr. Walker's motion for service (Docket 5) is denied as moot.

IT IS FURTHER ORDERED that Mr. Walker's motion for oral argument (Docket 6) is denied as moot.

IT IS FURTHER ORDERED that Mr. Walker's motion to appoint counsel (Docket 7) is denied as moot.

IT IS FURTHER ORDERED that Mr. Walker's motion (Docket 8) is denied as moot.

Dated April 14, 2017.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE